

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

**JUSTIN WAGAMAN,**

    Plaintiff,

v.                                                  Civil Action No. **3:18CV242**

**D. DEPUTY SMITH,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, submitted this civil action. He also applied to proceed *in forma pauperis*. By Memorandum Order entered on April 27, 2018, the Court conditionally docketed the action. Plaintiff indicated that he likely would be transferred to the Chesapeake City Jail and provided an address for the facility.[1] Accordingly, the Clerk mailed the Memorandum Order and accompanying forms to the Chesapeake City Jail address. On May 7, 2018, the United States Postal Service returned the April 27, 2018 Memorandum Order to the Court marked, "RETURN TO SENDER" and "ADDRESSEE NOT IN OUR FACILITY" because Plaintiff apparently relocated. By Memorandum Order entered on June 13, 2018, the Court directed the Clerk to change Plaintiff's address to the Virginia Beach address on his envelope and to mail this Memorandum Order to that address. At that time, the Court conditionally docketed the action and directed Plaintiff to submit a statement under oath or penalty of perjury that:

---

[1] Although the envelope containing Plaintiff's April 11, 2018 Complaint bore a return address of P.O. Box 6098, Virginia Beach, VA 23456, Plaintiff included the following notation in his Complaint: "I, Justin H. Wagaman will likely be transferred to Chesapeake City Jail by the time this form is received 400 Albemarle Dr. Chesapeake, VA 23322." (ECF No. 1–1, at 1.)

(A) Identifies the nature of the action;
(B) States his belief that he is entitled to relief;
(C) Avers that he is unable to prepay fees or give security therefor; and,
(D) Includes a statement of the assets he possesses.

See 28 U.S.C. § 1915(a)(1). The Court provided Plaintiff with the appropriate *in forma pauperis* affidavit form for this purpose. This mailing was not returned as undeliverable.

Additionally, the Court directed Plaintiff to affirm his intention to pay the full filing fee by signing and returning a consent to the collection of fees form. The Court warned Plaintiff that a failure to comply with either of the above directives within thirty (30) days of the date of entry thereof would result in summary dismissal of the action.

Plaintiff has not complied with the orders of this Court. Plaintiff failed to return a completed *in forma pauperis* affidavit form and a consent to collection of fees form.[2] As a result, he does not qualify for *in forma pauperis* status. Furthermore, he has not paid the statutory filing fee for the instant action. See 28 U.S.C. § 1914(a). Such conduct demonstrates a willful failure to prosecute. See Fed. R. Civ. P. 41(b). Accordingly, this action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: JUL 2 6 2018
Richmond, Virginia

---

[2] The inmate account summary from the institution indicates that Plaintiff was "[s]till here" as of June 20, 2018. (ECF No. 7, at 1.)

2